108 F.3d 1384
 79 A.F.T.R.2d 97-1636, 97-1 USTC P 50,315
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William James COURVILLE, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 96-70475.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1997.*
Decided March 13, 1997.
 
 Before: SNEED, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William James Courville appeals pro se the Tax Court's decision upholding the Commissioner of Internal Revenue's ("Commissioner") determination of deficiencies in his federal income taxes and additions to tax for the tax year 1991. Courville challenges the Tax Court's finding that he was not engaged in an activity primarily for profit pursuant to I.R.C. § 183. We have jurisdiction pursuant to I.R.C. § 7482(a), and affirm.
 
 
 3
 Courville contends that the Tax Court erred by finding that he did not have a bona fide profit motive in playing golf. This contention lacks merit.
 
 
 4
 We review for clear error the Tax Court's finding that a taxpayer is not engaged in an activity primarily for profit under I.R.C. § 183. Wolf v. Commissioner, 4 F.3d 709, 712 (9th Cir.1993). We must uphold the Tax Court's finding unless we are left with a definite and firm conviction that a mistake has been committed. Id. "Under the clearly erroneous standard, '[i]f the [tax court's] account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.' " Id. at 712-13 (citation omitted).
 
 
 5
 Under section 183(a), if an activity is not engaged in for profit, then any expense attributable to such activity is not deductible.[1] I.R.C. § 183(a). Although the proper focus of the test is the taxpayer's subjective intent, objective indicia set forth in the Treasury Regulations may be used to establish the taxpayer's intent. See, e.g., Skeen v. Commissioner, 864 F.2d 93, 94 (9th Cir.1989). "Profit must be the predominant, primary or principal objective of the [taxpayer]." Wolf, 4 F.3d at 713. The burden of proving the requisite profit motive is on the taxpayer. Id.
 
 
 6
 Here, the record, viewed in its entirety, supports the Tax Court's finding that Courville was not engaged in an activity for profit within the meaning of section 183. In rendering its decision, the Tax Court considered, among other things, that Courville failed to maintain complete and accurate books and records, that Courville failed to make a profit in the four years since he began his pursuit, and that Courville's pursuit had recreational and personal elements. See I.R.C. § 183. Although some facts and some of the factors set forth in the Treasury Regulations may support Courville's case, see, e.g., Treas.Reg. § 1.183-2(b)(3) (providing that the time and effort expended by the taxpayer in carrying on the activity is a proper factor to consider), in order to succeed on appeal, Courville must show that the Tax Court committed clear error by finding that he was not engaged in playing golf primarily for profit. See Wolf, 4 F.3d at 712-713. This he failed to do. Accordingly, the Tax Court did not clearly err by finding that Courville was not engaged in an activity for profit within the meaning of section 183. See id. at 713.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Accordingly, the appellant's request for oral argument is denied. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 183(b) contains two exceptions to the general rule, which are not applicable to this case. See I.R.C. § 183(b)(1) & (2)
 
 
 [2]
 Because Courville failed to raise any issue with respect to the addition to tax, we deem the issue waived on appeal. See International Union of Bricklayers and Allied Craftsmen Local 20 v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir.1985). Because Courville failed to raise his due process and equal protection arguments below, we decline to consider them for the first time on appeal. See Dillingham Constr. N.A., Inc. v. County of Sonoma, 57 F.3d 712, 717 (9th Cir.1995)